IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 22-11232-X
_____

DAVID WILLIAMS,
Individually and on behalf of all others similarly situated,
CAROLL ANGLADE,
Individually and on behalf of all others similarly situated,
HOWARD CLARK,
THOMAS MATTHEWS,
MARTIZA ANGELES,

                                              Plaintiffs - Appellees,

versus

RECKITT BENCKISER LLC,
RB HEALTH (US) LLC,

                                              Defendants-Appellees,

THEODORE H. FRANK,

                                              Interested Party - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

ORDER:

Counsel please be prepared to discuss the following at oral argument Thursday, March 2, 2023.

    1. In a class action, at least one class representative must have Article III standing to represent each subclass for each claim. *See Prado-Steiman v. Bush*, 221 F.3d 1266, 1277 (11th Cir. 2000). When the district court in this case reviewed the class

settlement, it determined that class representatives lack Article III standing to complain about products they did not purchase and weighed that "risk factor[]" "in favor of final approval." **[*See* R133:45–46]** No class representative has alleged that he or she purchased Neuriva De-Stress. **[*See* R51 ¶¶ 134–158]** Be prepared to discuss whether any of the class representatives has standing to assert claims about Neuriva De-Stress. *See, e.g.*, *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1372–73 (S.D. Fla. 2015); *Toback v. GNC Holdings, Inc.*, No. 13-80526-CIV, 2013 WL 5206103, at *4–5 (S.D. Fla. Sept. 13, 2013).

2. Plaintiffs who seek injunctive relief must allege an injury that is concrete, certainly impending, fairly traceable to the challenged action of the defendant, and likely to be redressed by a favorable decision. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328–29 (11th Cir. 2013); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Some of the class representatives in this case allege that they "would like to purchase Defendants' products if they truly improved brain performance" but that they are "unable to rely on Defendants' representations regarding the effectiveness of Defendants' products in deciding whether to purchase Defendants' products in the future." **[*See, e.g.*, R51 ¶ 139]** The class representatives allege that the existing Neuriva products are "worthless," **[*see id.* ¶ 128]**, so the allegations about possible future purchases of effective products must pertain to future products.

Be prepared to discuss (1) whether the allegation that class representatives "would like to purchase Defendants' products if they truly improved brain performance" supports a finding of a certainly impending future injury and (2) whether injunctive relief directed toward existing products is likely to redress the class representatives' stated concerns about any future, effective products.

DAVID J. SMITH
Clerk of the United States Court of
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION