

Martha A. Geer
900 W. Morgan Street
Raleigh, NC 27603
mgeer@milberg.com

March 1, 2023

**FILED AND SERVED VIA CM/ECF**

David J. Smith
Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

      **Re:**    *Frank v. Williams,* **No. 22-11232-AA**
                **Plaintiffs' Rule 28(j) Letter**

Dear Mr. Smith:

      The panel in this case entered an Order advising Counsel to be prepared to address two questions at oral argument. Plaintiffs submit the following supplemental authority relating to those questions and one additional issue.

      *Fox v. Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039 (11th Cir. 2020) addresses the Court's first question regarding the class representatives' standing to assert claims relating to Neuriva De-Stress when none of them purchased that product. In *Fox*, 977 F.3d at 1047, this Court held that the plaintiff had Article III standing to represent class members who suffered the same economic injury as the plaintiff at 46 restaurants the plaintiff did not visit. *See also In re Zantac (Ranitidine) Prod. Liab. Litigation*, 2022 WL 16729170, at *5-6 (11th Cir. Nov. 7, 2022) (holding that question whether injured plaintiff was appropriate class representative for individuals whose claims for the same injury arose under the laws of other states was "a question falling under Rules 12(b)(6) or 23" rather than Article III standing); *In re Takata Airbag Prod. Liab. Litig.*, 2022 WL 2297264, at *2 (S.D. Fla. June 24, 2022) (finding standing under *Fox* even though class members purchased different vehicle models than class representatives). Plaintiffs in this case alleged that De-Stress purchasers suffered the same economic injury from the same conduct as Plaintiffs did and, therefore, Plaintiffs have standing to represent De-Stress purchasers. Frank Appendix Tab. 51 ¶¶ 46-52.

      *Hyland v. Navient Corp.*, 48 F.4th 110 (2d Cir. 2022), is relevant to the Court's second question regarding Plaintiffs' standing to seek the injunctive relief included in the settlement. The Second Circuit rejected an objection to a settlement's *cy pres* provision in a Rule 23(b)(2) case because it "was not a court-fashioned remedy" but "was instead a provision of a settlement reached by private parties[.]" *Id.* at 119 n.2.

David J. Smith  
March 1, 2023  
Page 2

       Lastly, as for Mr. Frank's objection to the reversion of funds to the Defendant, Plaintiffs cite *Benitez v. FGO Delivers, LLC*, No. 8:21-CV-0221-KKM-TGW, 2022 WL 486127, at *3 (M.D. Fla. Feb. 17, 2022) (striking *cy pres* provision from settlement and ordering that unclaimed funds revert to defendant).

                                      Respectfully submitted,

                                      Martha A. Geer  
                                      Counsel for Plaintiffs

cc:    Theodore H. Frank  
       John M. Andren  
       David T. Biderman  
       Charles C. Sipos