1629 K STREET, NW SUITE 300
WASHINGTON, D.C. 20006

HAMILTON LINCOLN
LAW INSTITUTE

Theodore H. Frank
(703) 203-3848
ted.frank@hlli.org

March 5, 2023

*<u>Via ECF</u>*

Mr. David J. Smith, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

    Re:   *Williams v. Reckitt Benckiser LLC,* No. 22-11232-AA
           Response to Plaintiffs' 28(j) submission of
           March 1, 2023
           Before PRYOR, C.J., MARCUS, S.J., and MIZELLE, D.J.
           <u>Submitted after oral argument March 2, 2023</u>

Dear Mr. Smith:

      The class representatives allege the same interest and that they "suffer the same injury as the class members." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) (quotation omitted). Every court of appeals to consider the question holds that this creates Article III standing to resolve class certification questions. *E.g.*, *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (Easterbrook, J.). Class certification would require finding that De-Stress claims are not materially different than claims for products class representatives purchased. If so, class representatives' purchases give them standing to sue over other products in the class. If not, lack of certification would moot an end-of-case standing inquiry by preventing these class representatives from settling De-Stress claims.

Plaintiffs' reliance on *Navient*, however, is inapposite. The injunctive relief claim as drafted does not allege certainly imminent injury. *See also Berni v. Barilla S.P.A.*, 964 F.3d 141, 146-49 (2d Cir. 2020). But the Court still has appellate jurisdiction over the complaint as a whole because of the damages claims.

Any standing issues are curable with an amended complaint with new class representatives making different or even narrower allegations. A class settlement may include relief that plaintiffs could not win at trial. *Firefighters v. City of Cleveland*, 478 U.S. 501 (1986). Parties could hypothetically attempt to use prospective injunctive relief to settle a complaint with only a retrospective damages claim.

Thus the district court on remand is almost certain to see a materially identical settlement. Appellant encourages the panel to address now the fully briefed Rule 23(e)(2) questions, including whether that rule permits parties to settle a class's retrospective damages claims with prospective injunctive relief directed to future purchasers. Frank Opening Br. 39-49; Reply Br. 19-22. "[F]or reasons of judicial economy, we will nevertheless address these alleged errors because the issues are likely to recur during the remand…" *Westchester Specialty Ins. Servs. v. U.S. Fire Ins. Co.*, 119 F.3d 1505, 1514 (11th Cir. 1997); *accord Holland v. Fla.*, 775 F.3d 1294, 1317 (11th Cir. 2014); *Judd v. Haley*, 250 F.3d 1308, 1319 (11th Cir. 2001) (noting "waste of judicial resources").

    Respectfully submitted,

    */s/ Theodore H. Frank*
    Theodore H. Frank

    *Counsel for Objector-Appellant*
    *Theodore H. Frank*

cc:    Counsel of Record (via CM/ECF)

## Proof of Service

I hereby certify that on March 5, 2023, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will provide notification of such filing to all who are ECF-registered filers.

*/s/ Theodore H. Frank*