

Martha A. Geer
900 W. Morgan Street
Raleigh, NC 27603
mgeer@milberg.com

March 21, 2023

**FILED AND SERVED VIA CM/ECF**

David J. Smith
Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

  Re: *Frank v. Williams,* **No. 22-11232**
     **Plaintiffs' Rule 28(j) Letter**
     *In Re Flint Water Cases*, **No. 22-1185, 2023 WL 2552841 (6th Cir. Mar. 17, 2023)**

Dear Mr. Smith:

  Plaintiffs respectfully refer the Court to the Sixth Circuit's recent decision in *In Re Flint Water Cases*, No. 22-1185, 2023 WL 2552841 (6th Cir. Mar. 17, 2023) (recommended for publication). In the *Flint Water* decision, the Sixth Circuit held that in order for the court to exercise jurisdiction over appeals by three sets of objectors, the objectors seeking relief on appeal were required to demonstrate they possessed Article III standing. *Id.* at *12.

  The Sixth Circuit concluded that none of the three sets of objectors, who challenged different aspects of the *Flint Water* settlement, would be adversely impacted by the aspects of the settlement they opposed, and, therefore, they lacked standing to pursue their appeals. *See id.* (holding that no standing existed for Hall Objectors "because they would be no better off were they to succeed in their challenge"); *id.* (holding that because Chapman Objectors were better off under the settlement than if they had proceeded individually, they were "not aggrieved" and lacked standing to appeal); *id.* at *18 (holding as to third objector that because she knowingly agreed to pay a particular charge prior to objecting, she lacked standing to appeal the charge).

  In this case, Mr. Frank, knowing that the present case was settling, made a single purchase of Neuriva and has declared he has no intention of buying it again. Under the settlement, Mr. Frank will be reimbursed ***in full*** for his Neuriva purchase, and he will not be adversely affected by defendant Reckitt-Benckiser's agreement to modify its labeling of the Neuriva products. In short,

David J. Smith
March 21, 2023
Page 2

Mr. Frank will be no better off were he to succeed in his opposition to the settlement than under the settlement itself. Under these circumstances, the *Flint Water* analysis supports the conclusion that Mr. Frank is not aggrieved by the settlement and does not have standing to appeal its approval.

                                            Respectfully submitted,

                                            Martha A. Geer
                                            Counsel for Plaintiffs

cc:    Theodore H. Frank
        John M. Andren
        David T. Biderman
        Charles C. Sipos